IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
Civil Action No.: 5:18-cv-443

JASON BARRETT DEAN, )
)
Plaintiff, )
)
v. ) **COMPLAINT**
) (Jury Trial Demanded)
DUSTIN MATTHEW KAROFFA AND )
PROCESS EQUIPMENT AND )
CONTROLS LLC, )
)
Defendants. )

Plaintiff, complaining of the Defendants, alleges and states:

## SUBJECT MATTER JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. § 1332 insofar as the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States.

2. Plaintiff's claim is brought within the statute of limitations set forth in N.C. Gen. Stat.§ 1-52 *et seq*.

3. Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391 since Jason Barrett Dean resides within the District at the commencement of this action.

## PARTIES AND PERSONAL JURISDICTION

4. Jason Barrett Dean (hereinafter "Plaintiff") is a natural person and resident of Johnston County, North Carolina.

5. Upon information and belief, Dustin Matthew Karoffa (hereinafter "Defendant-driver") is a resident of Covington, Georgia and resides at 165 Creek Bottom Drive, Covington, Georgia 30014.

6. Upon information and belief, at all times relative to the claims asserted in this Complaint the Defendant-driver was a nonresident driver who accepted the privileges conferred by the laws permitting the operation of motor vehicles upon the public highways of North Carolina such that he is deemed to have appointed the Commissioner of Motor Vehicles as his true and lawful attorney upon whom may be served all summonses or other lawful process in this action as provided by N.C. Gen. Stat. § 1-105.

7. Upon information and belief, Process Equipment and Controls LLC (hereinafter "Defendant-owner") is a business entity duly organized and existing under the laws of the State of Georgia with its principal place of business in Covington, Georgia, with Ryan Loew designated as its managing member and registered agent, capable of being served with process at 150 Rose Creek Drive, Covington, Georgia 30014.

## FACTS

8. On August 14, 2016, at approximately 5:55 p.m., Plaintiff was operating a Suzuki motorcycle, owned by and registered in the Plaintiff's name.

9. At the time alleged, the Plaintiff was traveling generally East on that section of US 158 near Oxford, North Carolina in Granville County between SR 1522 and US 15.

10. At the same time, Defendant-driver was operating a 2015 Chevrolet pickup truck, owned by and registered to Ryan Loew for use in furtherance of the business of and for the purpose of accomplishing or discharging the duties of Defendant-owner.

11. Defendant-driver was traveling generally East on that section of US 158 near Oxford, North Carolina in Granville County between SR 1522 and US 15 some distance ahead of the Plaintiff.

12. Upon information and belief, Defendant-driver pulled over on the shoulder of US 158 with the intention of turning around so that he could continue his travel on US 158 in a generally West direction.

13. Upon information and belief, that portion of US 158 was subject to traffic control devices placed on the surface of the roadway, namely double solid yellow lines.

14. Upon information and belief, the Defendant-driver suddenly and without the appropriate signal of his intent to make a turn pulled onto US 158 and directly in to the path of the Plaintiff's vehicle, causing the front portion of Plaintiff's vehicle to collide with the left front corner of Defendant-driver's vehicle.

15. As a direct and proximate result of the collision, Plaintiff has sustained severe personal injuries.

## FIRST CAUSE OF ACTION
**(Negligence-Defendant-driver)**

16. That the allegations contained in paragraphs one through fifteen are incorporated herein by reference as if fully set forth verbatim.

3

17. At all times relevant to Plaintiff's claims, Defendant-driver owed a duty to exercise that degree of care which a reasonable and prudent person would use under the same or similar circumstances to protect himself and others, including the Plaintiff, from injury or damage.

18. Defendant-driver breached the duty owed by:

    a. Carelessly and heedlessly in willful or wanton disregard of the rights or safety of others in violation of N.C. Gen. Stat. § 20-140(a). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

    b. Operating a motor vehicle on a highway in the State of North Carolina without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person in violation of N.C. Gen. Stat. § 20-140(b). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

    c. Failing to yield the right of way to all vehicles approaching on the highway to be entered or crossed in violation of N.C. Gen. Stat. § 20-156(a). This is a violation of a statute enacted by the North Carolina legislature for the purpose of public safety. Plaintiff was a member of the class of persons

4

intended to be protected by this statute and violation of this statute constitutes negligence *per se*;

d. Starting, stopping or turning from a direct line of travel without first seeing that such movement can be made in safety;

e. Failing to give a signal of the intention to start or turn;

f. Failing to decrease the speed of said vehicle, failing to properly and timely apply the brakes of said vehicle, failing to stop said vehicle, failing to turn said vehicle aside, or otherwise failing to exercise due care to avoid colliding with another vehicle, after the danger of said collision was discovered by him or in the exercise of due care should have been discovered, although he had the time and means available to do so;

g. Although Defendant-driver had ample opportunity to do so and saw, or in the exercise of reasonable diligence should have seen, that it was necessary to take some action to avoid a collision, nevertheless failing to act reasonably in order to bring said vehicle under control and to avoid colliding with another vehicle;

h. Failing to keep a proper lookout and or failed to see what could be seen in the exercise of due care;

i. Failing to keep said vehicle under reasonable and proper control;

j. Failing to exercise reasonable care; and

k. In other ways as may be revealed through discovery or at trial.

5

19. As a direct and proximate result of the acts, omissions, or series of acts or omissions of Defendant-driver described herein, the Plaintiff sustained injuries and damages.

20. As a direct and proximate result of the aforesaid actions/omissions of Defendant-driver, Plaintiff has been damaged as follows:

    a. Plaintiff sustained severe, painful and permanent personal injuries including, but not limited to, injuries to the right lower extremity and road rash;

    b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

    c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future;

    d. Plaintiff has been disabled from performing and enjoying his ususal and customary activities;

    e. Plaintiff has suffered and may continue to suffer monetary loss due to lost wages, decreased ability to work and earn wages, and lost earnings/income opportunities; and

    f. Permanent scarring and disfigurement.

21. As a direct and proximate result of the acts and omissions of Defendant-driver, the Plaintiff is entitled to recover from Defendant-driver a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

## SECOND CAUSE OF ACTION
### (Negligence-Vicarious Liability of Employer)

22. The allegations contained in paragraphs one through twenty-one are incorporated herein by reference as if fully set forth verbatim.

23. Upon information and belief, during all times relevant to Plaintiff's claims, Defendant-driver was operating the 2015 Chevrolet pickup truck with the knowledge, permission, and consent of the Defendant-owner.

24. At all times relevant to Plaintiff's claims, Defendant-driver was an agent of Defendant-owner insofar as Defendant-driver was acting within the course and scope of his employment with or authority of Defendant-owner.

25. The acts and/or omissions of Defendant-driver are imputed to Defendant-owner as a matter of law by application of the doctrine of *respondeat superior*.

26. The Plaintiff's injuries and damages as herein below set forth were directly and proximately caused by the negligence of Defendant-owner.

27. As a direct and proximate result of the aforesaid actions/omissions of Defendant-owner, Plaintiff has been damaged as follows:

    a. Plaintiff sustained severe, painful and permanent personal injuries;

    b. Plaintiff suffered and is continuing to suffer physical pain, mental anguish, emotional distress and anxiety, all of which may continue in the future;

    c. Plaintiff has incurred medical and health care expenses for diagnosis and treatment and may incur additional medical and health care expenses in the future.

7

    d.    Plaintiff has been disabled from performing and enjoying his usual and customary activities.

28. As a direct and proximate result of the acts and omissions of Defendant-owner as herein above set forth, the Plaintiff is entitled to recover from the Defendant-owner a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

WHEREFORE, Plaintiff demands entry of judgement as follows:

1. That Plaintiff have and recover of Defendant-driver and Defendant-owner, jointly and severally, a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) as compensatory damages, together with interest as allowed by law, for bodily injuries.

2. That the costs of this action, including reasonable attorney fees, as by law provided, be taxed against the Defendants.

3. That Plaintiff have a trial by jury on all issues so triable.

4. That Plaintiff have such other relief as the Court deems just, fit, and proper.

This 12th day of September, 2018.

                                              **WHITLEY LAW FIRM**

By: /s/Robert E. Whitley
Robert E. Whitley
State Bar # 6445
3301 Benson Drive, Suite 120
Raleigh, NC 27609
Telephone: (919) 785-5000
rew@whitleylawfirm.com

By: /s/Ann C. Ochsner
Ann C. Ochsner
State Bar # 43108
3301 Benson Drive, Suite 120
Raleigh, NC 27609
Telephone: (919) 785-5000
aco@whitleylawfirm.com

9

Case 5:18-cv-00443-FL   Document 1   Filed 09/12/18   Page 9 of 9