UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Western Division
CIVIL CASE NO.: 5:18-cv-443-FL

| | |
|---|---|
| JASON BARRETT DEAN, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> DUSTIN MATTHEW KAROFFA AND ) <br> PROCESS EQUIPMENT AND CONTROLS, ) <br> LLC, ) <br> Defendants. ) | **ANSWER TO AMENDED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Defendants Dustin Matthew Karoffa and Process Equipment and Controls, LLC, by and through undersigned counsel, responds to Plaintiff's Amended Complaint as follows:

1. The allegations contained in Paragraph 1 pertain to legal conclusions to which no response is required.

2. The allegations contained in Paragraph 2 pertain to legal conclusions to which no response is required.

3. The allegations contained in Paragraph 3 pertain to legal conclusions to which no response is required.

4. It is admitted that Plaintiff is a natural person. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 4.

5. Admitted.

6. It is admitted that Defendant Karoffa was a nonresident driver at the time of the accident referred to in the Complaint. Except as admitted, the remaining allegations in Paragraph 6 pertain to legal conclusions to which no response is required.

7. Admitted.

8. Admitted.

9. Admitted.

10. It is admitted that on the date alleged Defendant Karoffa was operating a 2015 Chevrolet pickup truck which was owned by and registered to Ryan Loew and was being used in the business of Defendant Process Equipment and Controls, LLC. Except as admitted, denied.

11. It is admitted that on the date alleged, Defendant Karoffa was travelling generally East on US 158 near Oxford, North Carolina between SR 1522 and US 15 on August 14, 2016 and was at some time in front of the Plaintiff. Except as admitted, denied.

12. Admitted.

13. It is admitted that in the area of the alleged accident US 158 had in place double yellow lines dividing the highway. Except as admitted, the remaining allegations pertain to legal conclusions to which no response is required.

14. It is admitted that prior to the alleged accident Defendant driver pulled off of the shoulder of the highway, turned the vehicle around and came to a stop on the shoulder. Except as admitted, denied.

15. It is admitted that after Defendant-driver drove the vehicle onto the shoulder of US 158, he turned the vehicle around, came to a complete stop, looked both ways to see his way clear and then slowly drove the vehicle onto the roadway. It is further admitted that after the vehicle driven by the Defendant was completely in the roadway at the center double yellow lines the Plaintiff's motorcycle struck the left front portion of the Defendant driver's vehicle. Except as admitted denied.

16. It is admitted that as a result of the collision Plaintiff sustained a severe injury. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16.

17. Defendants incorporate by reference their responses to Paragraphs 1 through 16.

18. The allegations in Paragraph 18 pertain to legal conclusions to which no response is required.

19. Denied, including each and every subparagraph of Paragraph 19.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendants deny that they were negligent. Except as denied, Defendants are without knowledge or information sufficient to form a belief as the truth of the remaining allegations contained in Paragraph 25.

26. Denied.

27. Defendants incorporate by reference their responses to Paragraphs 1 through 26.

28. Admitted.

29. It is admitted that Defendant Karoffa was at all times relevant an employee of Defendant Process Equipment and Controls, LLC and acting in the course and scope of his employment. Except as admitted, denied.

30. Defendant Karoffa denies that he was negligent. Except as denied, the remaining allegations contained in Paragraph 30 pertain to legal conclusions to which no response is required.

31. Denied.

32. Denied, including each and every subparagraph of Paragraph 32.

33. Denied.

**ALL ALLEGATIONS, INCLUDING PLAINTIFF'S PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED ARE DENIED.**

### SECOND DEFENSE – CONTRIBUTORY NEGLIGENCE,

As a second answer and defense to Plaintiff's Complaint, and alleged in the alternative, if Defendants are found negligent which such negligence is again denied, then Plaintiff was also negligent and such negligence was a direct and proximate cause of any injuries or damages he sustained in that he failed to use reasonable care for his own safety, failed to keep a proper lookout, operated his motorcycle while under the influence of alcohol and failed to act as a reasonable and prudent person would have acted under the same or similar circumstances, and therefore Defendants plead Plaintiff's contributory negligence in complete bar to all claims.

### THIRD DEFENSE – GROSS CONTRBUTORY NEGLIGENCE

As a further answer and defense to the Plaintiff's Complaint, and alleged in the alternative, if Defendants are found to be grossly negligent, which such negligence is again denied, then the Plaintiff was also grossly negligent and such gross negligence was a direct and proximate cause of any injuries or damages he sustained in that he willfully, wantonly and recklessly drove a motorcycle when he did not have a motorcycle endorsement which he knew was required and that operating without such an endorsement is contrary to the laws of North

Carolina; he drove the motorcycle after consuming alcohol to such an extent as to affect his senses which is contrary to the warnings and recommended practices in the North Carolina Motorcycle Handbook; after the accident he intentionally tried to conceal the fact that he had been drinking alcohol prior to beginning his ride home; he intentionally traveled at a speed that was in excess of what a reasonable and prudent person would have traveled considering the circumstances; and he otherwise intentionally and recklessly failed to comply with the recommendations for safe operation contained in the North Carolina Motorcycle Handbook as will be shown at trial. Therefore Defendants plead Plaintiff's gross contributory negligence in complete bar to all claims.

## **FOURTH DEFENSE-INTERVENING AND SUPERCEEDING NEGLIGENCE**

As a further answer and defense to the Plaintiff's Complaint, Defendants allege, on information and belief, that this civil action is barred, in whole or in part, by doctrines of intervening, insulating and/or superseding negligence of a third party upon whom these Defendants had no duty or opportunity for supervision or control in that the third party served or allowed Plaintiff to consume alcohol on the day of the alleged accident which subsequently lead to his driving under the influence prevented him from safely operating his vehicle. Therefore, these Defendants plead the aforementioned negligent acts of others as a complete bar to any recovery in this action.

WHEREFORE, Defendants respectfully pray the Court that:

1. The Plaintiff's Complaint be dismissed with prejudice;

2. That Plaintiff have and recover nothing of or from the Defendants;

3. That the costs of this action be taxed against the Plaintiff;

4. For Trial by jury on all issues; and

5. For such other relief as the Court deems just and proper.

This the 8th day of February, 2019.

/s/ Rodney E. Pettey
RODNEY E. PETTEY
North Carolina State Bar No.: 17715
/s/ Justin M. Osborn
JUSTIN M. OSBORN
North Carolina State Bar No.: 41493
*Attorneys for Defendants*
**YATES, McLAMB & WEYHER, L.L.P.**
P.O. Box 2889
Raleigh, NC 27602-2889
Tel: (919) 835-0900; Fax: (919) 835-0910
rpettey@ymwlaw.com
josborn@ymwlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Robert E. Whitley, Esq.
rew@whitleylawfirm.com
Ann C. Ochsner, Esq.
aco@whitleylawfirm.com
Whitley Law Firm
3301 Benson Drive, Suite 120
Raleigh, NC 27609
*Attorneys for Plaintiff*

This the 8th day of February, 2019.

/s/ Rodney E. Pettey
RODNEY E. PETTEY
North Carolina State Bar No.: 17715
/s/ Justin M. Osborn
JUSTIN M. OSBORN
North Carolina State Bar No.: 41493
*Attorneys for Defendants*
**YATES, McLAMB & WEYHER, L.L.P.**
P.O. Box 2889
Raleigh, NC 27602-2889
Tel: (919) 835-0900; Fax: (919) 835-0910
rpettey@ymwlaw.com
josborn@ymwlaw.com